# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **2:21-cr-00127-SLB-HNJ** |
| | ) | |
| | ) | |
| **BRANDON MARTEL BEAN** | ) | |

## MEMORANDUM OPINION

This case is currently pending before the court on Defendant Brandon Martel Bean's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 821 to the United States Sentencing Guidelines. (Doc. 14).[1] Upon careful review of the record and the Notice of Position by Defendant's counsel to this court, the court finds that the motion is due to be denied.

Effective November 21, 2023, Amendment 821 to the 2023 Sentencing Guidelines revised the provision for the calculation of criminal history status points relating to the commission of an offense while on probation, parole, supervised release, or other form of criminal justice sentence. § 4A1.1. U.S.S.G. App. C,

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

1

Amend. 821 (effective Nov. 1, 2023). Under the previous status points provision, two criminal history points were added under Section 4A1.1(d) if the defendant was serving a sentence at the time of the commission of the offense for which he faced sentencing. *Id.* Under the amended status point provision, only one criminal history point is added, and only added for offenders with more serious criminal histories under the guidelines. *Id.*

Following the Sentencing Commission's decision to enforce the retroactive application of this Amendment, the Northern District of Alabama entered a Standing Order appointing the Office of the Federal Public Defender for the Northern District of Alabama ("FPD") or a Member of the Criminal Justice Act panel (CJA) "to represent any defendant previously determined to have been entitled to appointment of counsel or found indigent by the Court. . . who files a *pro se* motion for relief seeking a sentence reduction under the retroactive application of U.S.S.G. Amendment 821."

Amendment 821 revised Section 4A1.1 so that a defendant with a lower criminal history score does not receive additional criminal history points for committing the offense for which he is being sentenced while on probation for another offense. *See*, § 4A1.1. U.S.S.G. App. C, Amend. 821 (effective Nov. 1, 2023). However, this amendment is not applicable if the defendant received more than six criminal history points from previous convictions. *Id*. In instances when a

2

defendant receives seven or more criminal history points for prior offenses, Amendment 821 does not eliminate the addition of criminal history points for committing the offense while on probation for another offense, rather, instead of the previous addition of two points, only one point is added. *Id*. The calculation of criminal history points for previously convicted offenses remained unchanged.

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). When a court considers a § 3582(c)(2) motion, first, it must recalculate the guideline range under the amended guidelines. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) *does not authorize* a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008) (emphasis added). After review of the record, Mr. Bean's appointed CJA attorney sent notice to the court that "this case is not affected or potentially affected by Amendment 821." (Doc. 21 at 2.) For the following reasons, this court agrees.

At sentencing, Bean's prior criminal convictions resulted in a subtotal criminal history score of ten (10) *before* the consideration of the previously amended Section 4A1.1(d). As Bean was on supervised release at the time of the offense for

3

which he was sentenced, two points were added to his criminal history score, resulting in a total criminal history score of 12. In the court's recalculation of Bean's criminal history score compliant with the retroactive application of Amendment 821, only one point would be added to Bean's criminal history score, resulting in a criminal history score of eleven (11). However, a lower criminal history score *does not alter* Bean's criminal history category. The United States Sentencing Guide establishes a criminal history category of V for offenders with a criminal history score of 10, 11, or 12. *See*, § 5A U.S.S.G. (Effective November 1, 2023) (displaying the guideline ranges for each criminal history category relative to each criminal history score.). Therefore, as Bean's criminal history category of V remains unchanged, the applicable sentencing guideline range remains unchanged as well.

As the retroactive application of amended status points calculation does not alter the sentencing range upon which Bean's sentence was based, § 3582(c)(2) does not authorize a reduction in sentence. Accordingly, Defendant Brandon Bean's motion to reduce his sentence is due to be **DENIED**. An Order denying Defendant's motion will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 12th day of September, 2024.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE